## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LANIE McCANN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 22-2502**

**UNITED STATES CITIZENSHIP**                       **SECTION: "H"**
**AND IMMIGRATION SERVICES**

## ORDER AND REASONS

Before the Court is Defendant United States Citizenship and Immigration Services' Response to the Court's Order Dated July 24, 2023 (Doc. 26). For the following reasons, the Court finds that Defendant has adequately addressed the deficiencies identified in this Court's prior Order granting Defendant's Motion for Summary Judgment in part. As such, the Court supplements its July 24, 2023 Order (Doc. 25) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 19) **IN FULL**.

## BACKGROUND

Plaintiff Lanie McCann submitted a Freedom of Information Act ("FOIA") request to Defendant United States Citizenship and Immigration Services on January 3, 2022. In her request, Plaintiff sought information regarding Defendant's decision to issue a Notice of Intent to Revoke Permanent Resident Status. Defendant responded to Plaintiff's FOIA request through a series of disclosures, ultimately releasing 678 pages in full and 357 pages in

part.[1] However, Defendant withheld 177 pages in full. Plaintiff filed this lawsuit on August 5, 2022, challenging Defendant's processing of and search for responsive records under FOIA.

Defendant moved for summary judgment, stating that it had carried its burden of showing it has processed and released all responsive documents, barring those properly withheld under the articulated FOIA exceptions.[2] The Court granted Defendant's Motion for Summary Judgment in part but denied it in part, citing a lack of factual support that precluded the Court from granting the Motion in full.[3] Specifically, the Court found that Defendant had not addressed whether a page referred to United States Immigration and Customs Enforcement ("ICE") on May 9, 2022 was withheld subject to a FOIA exception and that Defendant had not provided sufficient detail regarding its search for responsive documents. Accordingly, the Court ordered Defendant to file a supplemental declaration addressing those deficiencies by August 25, 2023. Defendant timely filed its Response to the Court's Order, attaching a supplemental declaration. Having given Defendant the opportunity to properly support its assertions of fact, the Court now considers whether it may grant Defendant's Motion for Summary Judgment in full.

## LEGAL STANDARD

Summary judgment is the preferred method of resolving FOIA cases.[4] In most litigation, "a motion for summary judgment is properly granted only if

---

[1] Doc. 23 at 4.
[2] Doc. 19.
[3] Doc. 25.
[4] Evans v. U.S. OPM, 276 F. Supp. 2d 34, 37 (D.C. Cir. 2003).

there is no genuine issue as to any material fact."[5] "The FOIA context is unusual, however, because the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released."[6] "Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."[7]

"Courts generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions."[8] Accordingly, the government bears the burden of proving that the withheld documents fall within an enumerated exemption.[9] The agency may carry its burden of proof by submitting specific and reasonably detailed affidavits that identify the documents in question and explain the applicability of the exemption.[10] Absent evidence of bad faith, the truthfulness of the agency's affidavits should not be questioned.[11]

---

[5] Cooper Cameron Corp. v. U.S. Dep't of Lab., Occupational Safety & Health Admin., 280 F.3d 539, 543 (5th Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

[6] *Id.*

[7] Mavadia v. Caplinger, No. CIV. A. 95-3542, 1996 WL 592742, at *1 (E.D. La. Oct. 11, 1996).

[8] *Cooper Cameron Corp.*, 280 F.3d at 543.

[9] U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 141 n.2 (1989); *see also* 5 U.S.C. § 552(a)(4)(B) (stating that "the burden is on the agency to sustain its action").

[10] *Mavadia,* 1996 WL 592742, at *1 ("These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner.").

[11] Matter of Wade, 969 F.2d 241, 246 (7th Cir.1992) ("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned."); Hemenway v. Hughes, 601 F. Supp. 1002, 1004 (D.D.C. 1985) (stating that in FOIA cases, summary judgment does not hinge on the existence of a genuine issue of material fact, but rather on the basis of agency affidavits if they are reasonably specific, demonstrate logical use of exemptions, and are not controverted by evidence in record or bad faith).

FOIA requires a federal agency, upon request, to disclose records in its possession, unless the requested documents are clearly exempt from disclosure by the statute.[12] The nine exemptions are exclusive and should be construed narrowly.[13] These exemptions protect interests such as personal privacy, national security, and law enforcement. FOIA was "enacted to facilitate public access to Government documents."[14] The purpose of the statute was to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."[15] Thus, there is a strong presumption in favor of disclosure.[16]

## LAW AND ANALYSIS

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by [Federal Rule of Civil Procedure] 56(c), the court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it; or (4) issue any other appropriate order."[17] Given that summary judgment is the preferred method of resolving FOIA disputes, the Court opted in its July 24, 2023 Order to give Defendant an opportunity to address two evidentiary deficiencies that precluded the Court from granting Defendant's Motion for Summary Judgment outright.[18]

---

[12] Dasilva v. USCIS, No. 13-13, Doc. 68 (E.D. La. Sept. 19, 2013) (first citing 5 U.S.C. § 552 (a)–(b); and then citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975)).

[13] Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976); Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973).

[14] U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991).

[15] *Rose*, 425 U.S. at 361.

[16] *Ray*, 502 U.S. at 173 (citing *Rose*, 425 U.S. at 361).

[17] FED. R. CIV. P. 56(e).

[18] *See Evans*, 276 F. Supp. 2d at 37.

4

Specifically, the Court ordered Defendant to (1) address whether the last page of seventeen pages that were referred to ICE on May 9, 2022 was being withheld subject to a lawful FOIA exemption or whether it must be produced; and (2) provide additional details regarding its search for responsive documents. In response, Defendant submitted the Declaration of Jarrod Panter ("Panter") to supplement the Declaration of Cynthia Munita ("Munita"), which was submitted with its Motion for Summary Judgment.[19] Plaintiff did not reply to Defendant's Response or object to the Court's July 24, 2023 Order. The Court will address whether Panter's Declaration resolves each deficiency in turn.

### A.    The Seventeenth Page Referred on May 9, 2022

Plaintiff argued in its Opposition to Defendant's Motion for Summary Judgment that Defendant unlawfully withheld the seventeenth page referred to ICE on May 9, 2022.[20] Panter's Declaration clarifies that the seventeenth page referred on May 9, 2022, also identified on the USCIS *Vaughn* Index as page number 523, "was not actually referred to ICE," but "is the back-side of the USCIS *Vaughn* Index page 522 which was referred to ICE."[21] Panter further declares that because the page was never referred to ICE, it was not described in ICE's *Vaughn* Index. In addition to attaching the page to his declaration, Panter indicates that the seventeenth page "was actually released

---

[19] Defendant identifies Panter as the Acting Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act Unit, National Records Center, United States Citizenship and Immigration Services within the United States Department of Homeland Security. Munita held Panter's position at that time Defendant filed its Motion for Summary Judgment. Doc. 19-2.

[20] Doc. 20-1 at 10.

[21] Doc. 26-1 at 7.

to Plaintiff" on February 22, 2022. As the seventeenth page has been produced, Plaintiff's argument that the document has been unlawfully withheld is moot.

### B.    Search Adequacy

Defendant's Motion for Summary Judgment argued in part that summary judgment was appropriate as a matter of law because it had conducted a legally adequate search. This Court found in its prior Order that Defendant failed to meet its burden, as Munita's Declaration lacked detail the Court needed in order to determine whether Defendant's search was legally adequate.

"An agency may demonstrate that it conducted an adequate search [for documents] by showing that it used 'methods [that] can be reasonably expected to produce the information requested.'"[22] "The required level of detail is satisfied if the agency affidavit 'set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched.'"[23] Panter's Declaration provides the details the Court previously found lacking. Panter describes the types of searches performed, the search terms used, how the searches were performed, who performed the searches and controlled the responsive documents, and what locations were searched. Further, Panter's declaration addresses whether any other components of USCIS likely held responsive documents and affirms that they did not. Accordingly, the Court finds that Panter's Declaration contains sufficient detail to carry Defendant's burden to demonstrate it conducted a legally adequate search.

---

[22] *Batton*, 598 F.3d at 177.
[23] *Gahagan*, 2014 WL 2158479, at *4.

6

## CONCLUSION

Defendant has adequately supplemented the evidentiary basis for its Motion, such that summary judgment is now appropriate. As such, the Court supplements its July 24, 2023 Order (Doc. 25) wherein the Court granted Defendant's Motion for Summary Judgment in part and denied it in part.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED IN FULL.** Judgment shall be issued in favor of Defendant, with each party to bear their own costs.

New Orleans, Louisiana this 5th day of March, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**